UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bank of America, N.A., | ) | C/A: 2:16-1634-RMG-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Johnson D. Koola; First Citizens Bank and Trust | ) | |
| Company, Inc., *f/k/a First Citizens Bank and* | ) | |
| *Trust Company of South Carolina*; and | ) | |
| Cambridge Lakes Condominium Homeowners | ) | |
| Association, Inc., *f/k/a Cambridge Lakes* | ) | |
| *Horizontal Property Regime*, | ) | |
| | ) | |
| Defendants. | ) | |

This action was originally filed by the Plaintiff in July 2010 in the South Carolina

Court of Common Pleas, Charleston County. Attachments to Notice of Removal, ECF No. 1-1 at

224-228. This is an action for foreclosure of a mortgage. An Amended Summons and Complaint,

which added Defendants First Citizens Bank and Trust Company, Inc. and Cambridge Lakes

Condominium Homeowners Association, Inc., was filed in September 2010. ECF No. 1-1 at 231-

236. Defendant Johnson D. Koola (Koola) filed an amended answer and counterclaims against

Plaintiff on March 24, 2011. ECF No. 1-1 at 240-245. The Honorable Mikell R. Scarborough,

Master in Equity for Charleston County, granted Plaintiff's motion for summary judgment as to

Koola's counterclaims in an order entered April 25, 2014, and Koola's motion to reconsider was

denied in May 2014. ECF No. 1-1 at 149-154. Koola appealed this decision to the South Carolina

Court of Appeals, which affirmed on February 17, 2016, and denied Koola's petition for rehearing



on April 21, 2016. ECF No. 1-1 at 5-8. Thereafter, on May 20, 2016, Koola, proceeding pro se, removed the State Court action to this United States District Court.[1]

The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court if the state court action could have originally been filed there. See Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 186 (4th Cir. 2002). When considering removal jurisdiction, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941)(internal quotation marks and citation omitted). Federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). In addition, "[r]emoval statutes must be strictly construed against removal," Scott v. Greiner, 858 F.Supp. 607, 610 (S.D.W.Va. 1994), and a federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993); see also Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34 (4th Cir. 2008); Mulcahey, 29 F.3d at 151 ["If federal jurisdiction is doubtful, a remand is necessary."]. The burden is on the

---

[1] In his Notice of Removal Koola asserts that First Citizens Bank and Trust Company, Inc. and Cambridge Lakes Condominium Homeowners Association, Inc. are no longer parties to the case. However, although it appears that these Defendants have dismissed their cross-claims against Koola, there is no indication that they have been dismissed as defendants in this action. See Charleston County Public Index, http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County =10&CourtAgency=10002&Casenum=2010CP1006060&CaseType=V (last visited July 27, 2016). This Court "may properly take judicial notice of matters of public record." See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ["We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"].

2

removing defendant to establish subject matter jurisdiction; <u>Mulcahey v. Columbia Organic Chemicals Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994); and a district court is obligated to consider <u>sua sponte</u> whether jurisdiction is present and to remand the case to state court if it determines that it lacks jurisdiction. <u>See</u> 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3); <u>Ellenburg v. Spartan Motors Chassis, Inc.</u>, 519 F.3d 192, 196 (4th Cir. 2008).[2]

Generally a case can be filed in a federal district court only if there is diversity of citizenship under 28 U.S.C. § 1332, or if there is federal question jurisdiction under 28 U.S.C. § 1331. Koola argues that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 (Federal question), because Plaintiff "raised a Federal Question related to Bankruptcy in the foreclosure case; the decision of the case depends on the construction of the Bankruptcy codes" and he claims that he regained standing to raise claims against Plaintiff. ECF No. 1 at 6. He also appears to contend that this Court has jurisdiction based on diversity jurisdiction. ECF No. 1 at 9.[3] However, neither of these grounds for jurisdiction exists here.

First, a careful review of the pleadings in this case fails to reveal any basis for federal question jurisdiction. This is a state law foreclosure action, and a review of the amended complaint

---

[2]Although the Plaintiff has separately filed a motion seeking a remand of this action; <u>see</u> Court Docket Nos. 18 and 20; as the undersigned has determined that this Federal Court lacks jurisdiction over this case, <u>sua sponte</u> remand is being recommended. If this recommendation is adopted, Plaintiff's motion will be moot.

[3]Koola also complains about the rulings in the state court decisions. To the extent that Koola is attempting to appeal the state court proceedings to this Court, however, federal district courts do not hear "appeals" from state court actions. <u>See</u> <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 476-82 (1983)[a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257]; <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923).

3

reveals that it is solely based on state law. See ECF No. 1-1 at 231-236. No federal jurisdiction

exists over a complaint which "merely states a cause of action for enforcement of a promissory note

and foreclosure of the associated security interest in real property." Burbage v. Richburg, 417 F.

Supp.2d 746, 749 (D.S.C. 2006); see also Pettis v. Law Office of Hutchens, Senter, Kellam and

Pettit, C/A No. 3:13-147-FDW, 2014 WL 526105, at *2 (W.D.N.C. Feb. 7, 2014)(collecting cases);

Deutsche Bank Nat'l Trust Co. v. Lovett, C/A No. 3:12-1819-JFA, 2013 WL 528759, at *2 (D.S.C.

Feb. 11, 2013). While it may be that Koola is attempting to raise defenses to the foreclosure action

based on a federal statute or constitutional amendment, any such defenses do not establish removal

jurisdiction. See Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986); Cook v.

Georgetown Steel Corp., 770 F.2d 1272, 1275 (4th Cir. 1985)["A federal defense to a state cause of

action is not sufficient to invoke federal jurisdiction."]. Further, to the extent that Koola argues that

this Court has jurisdiction based on the counterclaims he asserted (he appears to allege state law

counterclaims, including a claim that Plaintiff "was negligent and willful in its failure to verify the

accuracy/truthfulness of the statements in the Builders' Certification" that was required to be

submitted as the purchased property had been converted from an apartment to a condominium - see

ECF No. 1-1 at 150, 241), he fails to establish federal jurisdiction because a counterclaim by a

defendant does not serve as the basis for "arising under" jurisdiction. Holmes Group, Inc. v.

Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002).

        Koola also contends that 28 U.S.C. §§ 1334 and 1452 provide authority for removal.

A case may be removed pursuant to § 1452 to a district court that "has jurisdiction of such claim or



4

cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Title 28 U.S.C. § 1334 provides, in pertinent part:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(a) and (b).

Here, the removed case is not a case brought under title 11, nor has Koola asserted that the removed case arises in or relates to a case under title 11. Although Koola had at one point filed a Chapter 7 bankruptcy case, an order of discharge was entered in that case on July 13, 2009, prior to the Plaintiff bringing this action. ECF No. 1-1 at 160. An order reopening Koola's bankruptcy case, which appears to have been based on Koola's assertion of claims against Plaintiff as assets of the bankruptcy estate, was entered on May 22, 2012. ECF No. 1 at 159. However, on November 6, 2013, Koola's bankruptcy case was closed. ECF No. 1-1 at 161; see also ECF No. 1-1 at 179.[4]

The Fourth Circuit follows the Third Circuit's test for "related to" jurisdiction as set forth in Pacor, Inc. v. Higgins, 743 F.2d 984 (3rd Cir.1984), overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995). See In re Celotex Corp., 124 F.3d 619, 625 (4th

---

[4]To the extent that Koola is attempting to appeal the bankruptcy court's decision, Federal Rule of Bankruptcy Procedure 8002 requires that an appeal of a bankruptcy's order be filed with the bankruptcy clerk within fourteen days after entry of the bankruptcy court's decision. If the party seeking review of the bankruptcy court's decision fails to file its appeal within the fourteen-day period, the district court has no jurisdiction to review or modify that order. Smith v. Dairymen, Inc., 790 F.2d 1107, 1109 (4th Cir. 1986). Thus, any attempt by Koola to appeal at this time is untimely, as any such claim raised in the notice of removal is more than fourteen days after the entry of the bankruptcy court's decision closing Koola's case on November 6, 2013.

Cir. 1997). Under the broad <u>Pacor</u> test, "[t]he usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." <u>Pacor</u>, 743 F.2d at 994; <u>see also</u> <u>Blanton v. IMN Fin. Corp.</u>, 260 B.R. 257, 262 (Bankr.M.D.N.C.2001); <u>In re Rainbow Sec.</u> <u>Inc.</u>, 173 B.R. 508, 511 (Bankr.M.D.N.C.1994). This removed case is not related to bankruptcy as there is no indication that the outcome of the removed action could conceivably have an effect on any estate being administered in bankruptcy. Koola admits that in November 2013, the bankruptcy court "closed the case after the trustee certified that the bankruptcy estate ha[d] been fully administered [pursuant to 11 U.S.C.A. § 554(c)]."[5] ECF No. 1 at 5. Thus, as his claims are no longer part of a bankruptcy action, they are not removable on that basis.

Finally, Koola also argues that this Court has jurisdiction based on 28 U.S.C. §§ 1441(a) and 1332, because Plaintiff is a citizen of the states of North Carolina and California and Koola is a citizen of South Carolina. However, in the absence of a federal question being presented on the face of the Complaint, Koola is precluded as a matter of law from removing this case on the basis of diversity of citizenship since he is a citizen of the state in which the action was brought (South Carolina). <u>See</u> 28 U.S.C. § 1441(b)(2)["A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties



[5]The cited statute provides:
Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.
11 U.S.C. § 554(c).



6

in interest properly joined and served as defendants is a citizen of the State in which such action is brought."].

## **Conclusion**

A district court is obligated to consider <u>sua sponte</u> whether jurisdiction is present and remand the case to state court if it determines that it lacks jurisdiction. <u>See</u> 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3); <u>Ellenburg v. Spartan Motors Chassis, Inc.</u>, 519 F.3d at 196. Therefore, based on the foregoing, it is **recommended**[6] this case be **remanded** back to state court.

---

[6]While many Courts have held that an order of remand is non-dispositive and can be issued by a United States Magistrate Judge in a non-consent case, it is not firmly established whether the undersigned can issue an order of remand, or whether a Report and Recommendation is required. <u>See</u> <u>Jones v. Unison Ins. Co.</u>, No. 00-1217, 2000 WL 1350648, at * 1 (4th Cir. Sept. 20, 2000) [Noting that Fourth Circuit has not addressed question of whether Magistrate Judge may issue remand orders in non-consent cases]; <u>cf.</u> <u>Williams v. Beemiller, Inc.</u>, 527 F.3d 259 (2d Cir. 2008)[Finding that remand orders are dispositive]; <u>Vogel v. U.S. Office Products Co.</u>, 258 F.3d 509, 514-517 (6th Cir. 2001)[same]; <u>First Union Mortgage Co. v. Smith</u>, 229 F.3d 992, 996-997 (10th Cir. 2000)[same]; <u>In re U.S. Healthcare</u>, 159 F.3d 142, 145-146 (3d Cir. 1998)[same]; <u>Vaquillas Ranch Co. v. Texaco Exploration & Production, Inc.</u>, 844 F. Supp. 1156, 1163 (S.D.Texas 1994); <u>McDonough v. Blue Cross of Northeastern Pennsylvania</u>, 131 F.R.D. 467 (W.D.Pa. 1990); <u>City of Jackson v. Lakeland Lounge of Jackson, Inc.</u>, 147 F.R.D. 122, 124 (S.D.Miss. 1993); <u>Long v. Lockheed Missiles & Space Co.</u>, 783 F.Supp. 249 (D.S.C. 1992); <u>Stanion v. Staley</u>, No. 16-750, 2016 WL 3629087 at * 1, n. 1 (D.N.C. June 29, 2016); <u>William E. Smith Trucking, Inc. v. Rush Trucking Centers of North Carolina, Inc.</u>, No. 11-887, 2012 WL 214155, at * 2-6 (M,D.N.C. Jan. 24, 2012) [Analyzing relevant statutes and caselaw and finding that remand order is nondispositive]; <u>Pikkert v. Pastene</u>, No. 03-1212, 2003 WL 21154296 (4th Cir. May 20, 2013), <u>cert. denied</u>, 541 U.S. 987 (2014)[unpublished, but finding that a magistrate judge's remand order is not reviewable by the appellate court]. While the undersigned has issued orders of remand in some circumstances, in light of the Defendant Koola's <u>pro se</u> status, and out of an abundance of caution, this Report and Recommendation, instead of an Order, is being entered so that the Defendant can contest remand before the District Judge, if he so desires.



7

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

July 29, 2016
Charleston, South Carolina

8

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

