UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bank of America, N.A., | ) | C/A: 2:16-1634-RMG-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Johnson D. Koola; First Citizens Bank and Trust Company, Inc., *f/k/a First Citizens Bank and Trust Company of South Carolina*; and Cambridge Lakes Condominium Homeowners Association, Inc., *f/k/a Cambridge Lakes Horizontal Property Regime*, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

This action was originally filed by the Plaintiff, Bank of America, N.A. (BOA), in July 2010 in the South Carolina Court of Common Pleas, Charleston County. Attachments to Notice of Removal, ECF No. 1-1 at 224-228. This is an action for foreclosure of a mortgage. An Amended Summons and Complaint, which added Defendants First Citizens Bank and Trust Company, Inc. (First Citizens) and Cambridge Lakes Condominium Homeowners Association, Inc. (the HOA), was filed in state court on September 2010. ECF No. 1-1 at 231-236.

Defendant Johnson D. Koola (Koola) filed an amended answer and counterclaims against BOA on March 24, 2011. ECF No. 1-1 at 240-245. The Honorable Mikell R. Scarborough, Master in Equity for Charleston County, granted BOA's motion for summary judgment as to Koola's counterclaims in an order entered April 25, 2014, and Koola's motion to reconsider was denied in



May 2014. ECF No. 1-1 at 149-154. Koola appealed Judge Scarborough's decision to the South Carolina Court of Appeals, which affirmed on February 17, 2016. Koola's petition for rehearing was denied on April 21, 2016. ECF No. 1-1 at 5-8.

Thereafter, on May 20, 2016, Koola, proceeding <u>pro se</u>, removed the action to this United States District Court.[1] On June 15, 2016, Plaintiff Bank of America, N. A. (BOA) filed a motion to remand. ECF No. 18. BOA's filing of June 15, 2016 was originally docketed as an "answer." After the entry was modified on June 20, 2016, BOA filed a motion to correct docket entry on July 18, 2016, asserting that this filing had been inadvertently docketed as an answer rather than a motion to remand. In an order entered July 29, 2016, the undersigned granted BOA's motion to correct and directed the Clerk of Court to correct the docket to indicate that BOA's filing was a motion to remand. ECF Nos. 25, 26. That same date, the undersigned issued a Report and Recommendation recommending that this case be remanded to state court. As this recommendation was based on lack of jurisdiction, the issues raised in the separately filed motion for remand were not addressed. <u>Ellenburg v. Spartan Motors Chassis, Inc.</u>, 519 F.3d 192, 196 (4th Cir. 2008) [Remand order may be entered <u>sua sponte</u> where the court lacks subject matter jurisdiction].

---

[1] In his Notice of Removal, Koola asserts that First Citizens and the HOA are no longer parties to the case. However, although it appears that First Citizens and the HOA have dismissed their cross-claims against Koola, there is no indication that they have been dismissed as Defendants to this action. <u>See</u> Charleston County Public Index, http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County=10&CourtAgency=10002&Casenum=2010CP1006060&CaseType=V (last visited October 3, 2016). This Court "may properly take judicial notice of matters of public record." <u>See</u> <u>Philips v. Pitt Cnty. Mem. Hosp.</u>, 572 F.3d 176, 180 (4th Cir. 2009); <u>see</u> also <u>Colonial Penn Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239 (4th Cir. 1989) ["We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"]. While Koola disputes this, whether or not First Citizens and or Cambridge Lakes are still Defendants in this action does not affect the motion to remand as discussed below.



Subsequently, however, in an order dated August 17, 2016, the Honorable Richard M. Gergel, United States District Judge, noted that the docket had not yet been corrected, ordered the Clerk to correct docket entry number 18 per the Court's order of July 29, 2016, and recommitted the matter to the undersigned for consideration of the motion to remand. ECF No. 30. Both parties were then allowed to supplement their filings. ECF No. 32. See also ECF Nos. 35-38. BOA's motion to remand is now before the Court for disposition.

## Background

Koola states in his filings that in January of 2004, he applied for a mortgage loan from Countrywide Home Loan Servicing, L.P.,[2] to buy a condominium, which had been converted from apartments to condominiums (condo conversion), in the Cambridge Lakes subdivision of Mount Pleasant, South Carolina. He asserts that the developer/seller certified in the master deed that the condo conversion complied with the South Carolina Horizontal Property Act (HPA), S.C. Code Ann. § 27-31-10 et seq. Koola also states that the developer/seller issued a "Builder's Certification" to Koola and the lender. The purchase of the condominium by Koola was completed on February 24, 2004. ECF No. 1 at 2.

In June 2008, the HOA filed a construction defects lawsuit against the developer/seller and others alleging construction defects, negligence, and unfair trade practices. Koola asserts that because of the HOA lawsuit he could not sell his condominium when he tried to do so in 2008. In March 2009 he filed a Chapter 7 bankruptcy petition, and in July 2009 the bankruptcy estate was closed. ECF No. 1 at 3, ECF No. 1-1 at 160, 162-168.

---

[2]BOA is the successor to Countrywide.



Also in July of 2009, Koola allegedly applied to BOA for a mortgage loan modification under the HOPE for Homeowners Program, 12 U.S.C. § 1715z-23. He asserts that he and BOA signed a Forebearance Agreement or Trial Period Plan agreement in August 2009, whereby Koola was required to pay $243 per month for September, October, and November 2009, and that at the end of that three-month Trial Period Plan, BOA would allegedly decide whether to offer him a loan modification. Koola claims that BOA did not reciprocate its part of the agreement at the end of the Trial Period Plan, so he continued to pay the Trial Period Plan payment amount. In February 2010, BOA allegedly offered Koola a loan modification reducing the monthly payment from $838.69 as of January 2009 to $797.14 after the loan modification, with no reduction in the interest rate and principal balance and no change in the original maturity date. ECF No. 1 at 3. Koola did not accept this offer, and after March 2010, Koola failed to make his full mortgage payments. Koola contends that he applied for mortgage loan modifications on four other occasions, all of which were allegedly denied or unsuccessful. ECF No. 1 at 3-4.

In April or May 2010, Koola listed his property for short sale. However, Koola alleges the HOA would not allow him to short sell his condominium, and also filed an action against him to collect unpaid condominium dues. ECF No. 1 at 4. BOA then filed the present foreclosure action against Koola in July 2010. Koola alleges that in September 2010 he learned that in June and July 2010, the HOA had filed second and third amended complaints in its lawsuit against the developer/seller, in which the HOA alleged that the developer/seller violated the South Carolina HPA by failing to provide a "Disclosure of the Physical Condition of the Building Report" to Koola. Koola



claims that this led him to the realization that the Builder's Certification was allegedly falsified. ECF No. 1 at 4.

Koola asserts that after he learned in February or March 2011 that his lender allegedly did not appraise the converted condominium in compliance with regulations and guidelines adopted pursuant to Title XI of the Financial Federal Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), failed to verify the truthfulness of the statements in the Builder's Certification, allegedly violated its own loan policy in completing the property appraisal, allegedly financed a fraudulent mortgage loan transaction, and allegedly was negligent or grossly negligent in violation of FIRREA federal appraisal regulations, he amended his answer and counterclaim against BOA in this action to assert claims for negligence and fraud. ECF No. 1 at 5.

In April 2012, BOA filed a motion for summary judgment as to Koola's counterclaims. Koola petitioned for reopening of his Chapter 7 bankruptcy case, and in May 2012 the Bankruptcy Court reopened the case to allow Koola to amend the schedules in the original petition and to include new causes of action against BOA in Schedule B pursuant to 11 U.S.C. § 350(b). ECF No. 1 at 5. In August 2012, Koola filed a "Motion to Sanction" BOA for its allegedly repeated bad faith denial of his applications for loan modification. ECF No. 1 at 4. Koola states that the bankruptcy court closed his case in November 2013 after the trustee certified that the bankruptcy estate had been fully administered. ECF No. 1 at 5.

As earlier noted, on April 24, 2014, the Master in Equity granted BOA's motion for summary judgment as to Koola's counterclaims and denied Koola's motion for sanctions. ECF No. 1 at 5; ECF No. 1-1 at 149-153. In that order, the Master in Equity specifically found that Koola



could not establish that BOA owed him a duty of care, alternatively that the claims were barred by the applicable statute of limitations, (as the alleged actions occurred in February 2004 and Koola did not assert them until March 2011), and that Koola had received a discharge of his Chapter 7 bankruptcy estate that rendered his claims moot. ECF No. 1-1 at 151-152. The Court of Appeals of South Carolina affirmed in an unpublished decision filed February 17, 2016, and Koola's motion for a rehearing was denied on April 21, 2016. ECF No 1-1 at 5-7.

Koola then filed his pro se Notice of Removal of the state court case to this federal court on May 20, 2016.

## Motion to Remand

Federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Generally a case can be filed in a federal district court only if there is diversity of citizenship under 28 U.S.C. § 1332, or if there is federal question jurisdiction under 28 U.S.C. § 1331.

The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court if the state court action could have originally been filed there. See Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 186 (4th Cir. 2002). When considering the propriety of a removal under the removal statute, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941)(internal quotation marks and citation omitted). "[R]emoval statues [are]



strictly construed against removal;" Scott v. Greiner, 858 F.Supp. 607, 610 (S.D.W.Va. 1994); the burden is on the removing defendant to establish subject matter jurisdiction; Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994); and a federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993); see also Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34 (4th Cir. 2008); Mulcahey, 29 F.3d at 151 ["If federal jurisdiction is doubtful, a remand is necessary."]. Here, BOA contends that this action should be remanded to state court because: (1) removal is untimely under 28 U.S.C. § 1446(b); (2) removal is untimely under 28 U.S.C. § 1446(b)(3); (3) removal based upon diversity of citizenship is untimely under 28 U.S.C. § 1446(c); and (4) this action is not removable pursuant to 28 U.S.C. §§ 1334 or 1452. ECF No. 18 at 2-4.

In considering Plaintiff's arguments and Koola's asserted grounds for removal, the Court is mindful that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted); see Harless v. CSX Hotels, Inc., 389 F.3d 444, 450 (4th Cir. 2004)[discussing the well-pleaded complaint rule]. Here, a careful review of the pleadings is in this case shows that this is a state law foreclosure action; see ECF No. 101, at 231-236; and no federal jurisdiction exists over a complaint which "merely states a cause of action for enforcement of a promissory note and foreclosure of the associated security interest in real property." Burbage v. Richburg, 417 F. Supp.2d 746, 749 (D.S.C.



2006); see also Pettis v. Law Office of Hutchens, Senter, Kellam and Pettit, C/A No. 3:13-147-FDW, 2014 WL 526105, at *2 (W.D.N.C. Feb. 7, 2014)(collecting cases); Deutsche Bank Nat'l Trust Co. v. Lovett, C/A No. 3:12-1819-JFA, 2013 WL 528759, at *2 (D.S.C. Feb. 11, 2013). Further, in determining this issue, potential defenses and counterclaims involving the Constitution or laws of the United States are not determinative. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) ["Federal jurisdiction cannot be predicated on an actual or anticipated defense"].

Koola argues that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 (Federal question) because BOA, in its motion for summary judgment as to Koola's counterclaims, cited bankruptcy codes in arguing that Koola had no standing to raise counterclaims against it. He claims that BOA "raised a Federal Question related to Bankruptcy in the foreclosure case; the decision of the case depends on the construction of the Bankruptcy codes", and that he has regained standing to raise claims against BOA. ECF No. 1 at 6. He also alleges that this court has jurisdiction under 28 U.S.C. § 1332(2) based on diversity of the parties.[3] ECF No. 1 at 9. Additionally, Koola contends that removal is proper under 28 U.S.C. § 1334 and § 1452 because BOA, Koola, and the state courts have "raised several chapters of Title 11 Bankruptcy in this State Court Action." ECF No. 1 at 9. Finally, Koola contends that this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1441(c) and 1452 as to his claim that BOA owed him a duty of care pursuant to FIRREA and the South Carolina HPA, that this Court has supplemental jurisdiction over his claim that BOA breached its duty of care when it repeatedly denied his application for an affordable loan modification, that the

---

[3]Koola argues that this Court has jurisdiction based on 28 U.S.C. §§ 1441(a) and 1332 because Plaintiff is a citizen of the states of North Carolina and California and Koola is a citizen of South Carolina, and the amount in controversy exceeds $75,000 (Koola states that the original loan amount was $136,192). ECF No. 1 at 9.



applicable statute of limitations does not bar his claims against BOA, and that the state court orders potentially violated constitutional provisions because they allegedly reconstructed bankruptcy codes to override the bankruptcy court's orders related to 11 U.S.C. §§ 350(b) and 554(c).  ECF No. 1 at 9-17.

    A.    <u>1446(b)</u>

BOA initially contends that Koola's removal of this action was untimely under 28 U.S.C. § 1446(b), which provides generally that:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

BOA notes that Koola was served with the Amended Summons and Complaint on September 13, 2010, which was nearly six years prior to the removal of this action, and that Koola's removal of this case was therefore manifestly untimely.  For his part, Koola does not appear to dispute this fact and admits that there was no federal jurisdiction evident on the face of the Amended Complaint, as it involves a foreclosure action related to a promissory note and a mortgage securing the promissory note and nothing else.  Instead, Koola argues that he timely removed this action pursuant to 28 U.S.C. § 1446(b)(3), as discussed below.  ECF No. 38, at pp. 2-7.

    B.    <u>1446(b)(3)</u>

BOA contends that, contrary to Koola's assertions, removal was also untimely under 28 U.S.C. § 1446(b)(3), which provides:



> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

In his Notice of Removal, Koola states that he first learned that there were federal claims involved in this case in April 2012, when BOA filed its motion for summary judgment. ECF No. 1, at p. 6. BOA argues, however, that "[e]ven if this were true, which [BOA] denies, the notice of removal would still be untimely." The undersigned agrees. Even assuming, for purposes of argument only, that Koola's removal time did not start to run until BOA filed its motion for summary judgment, this action was still removed four years (based on Koola allegedly first learning of federal claims in BOA's motion for summary judgment) or two years (based on the Master in Equity's order granting BOA's motion for summary judgment) after Koola allegedly learned of the existence of federal causes of action, which is well outside the 30-day time period provided for in 28 U.S.C. § 1446(b)(3).

In his response to the Plaintiff's motion to remand, Koola argues that he could not remove this action based on BOA's motion for summary judgment in April 2012 because the "charges" were "true" in April 2012. Koola asserts that when the bankruptcy court closed the reopened Chapter 7 estate in November 2013, the estate was returned to Koola so he could assert counterclaims against BOA, but the substantial federal question was rendered moot and remained uncontested. Koola next claims that the Master in Equity's April 25, 2014 order did not make removal ascertainable because the order did not cite specific bankruptcy codes or authorities to make Koola aware of the federal question. He claims that the February 17, 2016 opinion from the Court



2:16-cv-01634-RMG     Date Filed 10/19/16     Entry Number 41     Page 11 of 19

of Appeals of South Carolina cited specific bankruptcy codes and authorities and made the federal question raised by BOA in 2012 a contested claim in February 2016.[4] However, the issues relating to Koola's bankruptcy filing were clearly presented in the earlier state court filings, and it is readily apparent that it was only after Koola had lost in the state courts did he then choose to seek removal of the case to this Court. See ECF 1, pp. 6-7.[5]

Further, even if Koola was not barred from removal based on untimeliness, the ground that he asserts for removal is that BOA raised a federal defense in response to Koola's counterclaims. However, as previously noted, defenses do not establish removal jurisdiction. See Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986); Cook v. Georgetown Steel Corp., 770 F.2d 1272, 1275 (4th Cir. 1985)["A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction."]. Additionally, to the extent that Koola argues that this Court has jurisdiction based on the counterclaims he asserted (he appears to allege state law counterclaims, including a claim that Plaintiff "was negligent and willful in its failure to verify the accuracy/truthfulness of the statements in the Builders' Certification" that was required to be submitted as the purchased property

---

[4]Koola appears to be requesting as part of his removal of this case that this Court review these decisions made by the state courts, claiming errors by the Master in Equity and the Court of Appeals of South Carolina. However, to the extent that Koola is attempting to appeal state court proceedings to this Court, he may not do so, as federal district courts do not hear "appeals" from state court actions. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983)[a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257]; Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

[5]Additionally, even if the Court were to assume that Koola did not learn that he had a removable case until February 2016, as he contends, he still did not file his notice of removal timely. Although Koola filed a petition for rehearing with the South Carolina Court of Appeals, he does not deny that he knew of his alleged basis for removal in February 2016.

11



had been converted from an apartment to a condominium - see ECF No. 1-1 at 150, 241), he fails to establish federal jurisdiction because a counterclaim by a defendant does not serve as the basis for "arising under" jurisdiction. Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002). Simply put, federal defenses and counterclaims cannot provide a basis for removal. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)[stating "it is now settled law that a case may not be removed to federal court on the basis of a federal defense"]; see also UTrue, Inc. v. Page One Sci., Inc., 457 F.Supp.2d 688, 690 (E.D.Va. 2006)[holding that a federally-based counterclaim by an original defendant is not eligible to serve as the basis for removal on federal question grounds and noting "[m]oreover, were the well-pleaded complaint rule not to apply on removal, and were counterclaims permitted to become a basis for jurisdiction on removal, the result would be an unwarranted and nearly limitless expansion of removal jurisdiction."]; Cohn v. Charles, 857 F.Supp.2d 544, 548 (D.Md. 2012)[foreclosure proceeding was not removable, nor did it become removable when federal defenses were asserted or the counterclaim filed].[6]

        Koola also contends that this action is removable under 28 U.S.C. §§ 1334 and 1452 because this case is related to his cases under Title 11. ECF No. 38 at 10. However, as was noted in the original Report and Recommendation filed in this case, although Koola had at one point filed a Chapter 7 bankruptcy petition, an order of discharge was entered in that case on July 13, 2009 (ECF No. 1-1 at 160), prior to the filing of this state law foreclosure action by BOA. An order reopening Koola's bankruptcy case, which appears to have been based on Koola's assertion of claims against BOA as assets of the bankruptcy estate, was entered on May 22, 2012. ECF No. 1 at 159. However,

---

[6]Given that this Court does not have original jurisdiction over BOA's claims, it should not exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a)



on November 6, 2013, Koola's bankruptcy case was again closed. ECF No. 1-1 at 161; see also ECF No. 1-1 at 179.[7] The Fourth Circuit follows the Third Circuit's test for "related to" jurisdiction as set forth in Pacor, Inc. v. Higgins, 743 F.2d 984 (3rd Cir.1984), overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995). See In re Celotex Corp., 124 F.3d 619, 625 (4th Cir. 1997). Under the broad Pacor test, "[t]he usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Pacor, 743 F.2d at 994; see also Blanton v. IMN Fin. Corp., 260 B.R. 257, 262 (Bankr. M.D.N.C. 2001); In re Rainbow Sec. Inc., 173 B.R. 508, 511 (Bankr. M.D.N.C. 1994). A civil case filed in a district court is related to a case in bankruptcy if the outcome in the civil case *"could conceivably have any effect on the estate being administered in bankruptcy* ... if the out-come could alter the debtor's rights, liabilities, options, or freedom of action (positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." Celotex Corp. v. Edwards, 514 U.S. 300, 308, n. 6 (1995)(quoting Pacor, 743 F.2d at 994) (internal quotations omitted) (italics in Pacor).

This removed case is not related to bankruptcy as there is no indication that the outcome of the removed action could conceivably have an effect on any estate being administered in bankruptcy. Koola admits that in November 2013, the bankruptcy court "closed the case after the

---

[7]To the extent that Koola is attempting to appeal the bankruptcy court's decision, Federal Rule of Bankruptcy Procedure 8002 requires that an appeal of a bankruptcy court's order be filed with the bankruptcy clerk within fourteen days after entry of the bankruptcy court's decision. If the party seeking review of the bankruptcy court's decision fails to file its appeal within the fourteen-day period, the district court has no jurisdiction to review or modify that order. Smith v. Dairymen, Inc., 790 F.2d 1107, 1109 (4th Cir. 1986). Thus, any attempt to appeal is untimely as any such claim raised in the notice of removal is more than fourteen days after the entry of the bankruptcy court's decision closing Koola's case on November 6, 2013.

13



trustee certified that the bankruptcy estate ha[d] been fully administered [pursuant to 11 U.S.C.A. § 554(c)]."[8] ECF No. 1 at 5. Thus, as his claims are no longer part of a bankruptcy action, they are not removable on that basis.[9]

    C.    <u>Diversity of Citizenship - 28 U.S.C. § 1446(c)</u>

BOA also argues that Koola's attempt to remove based on diversity of citizenship is untimely because, even if this case fell under § 1446(b)(3); <u>see</u>, discussion, <u>supra</u>; the case was removed more than one year after the commencement of the action, and Koola has not alleged bad faith. "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

Although Koola does not appear to have asserted bad faith as a reason for his not removing this action based on diversity jurisdiction in his Notice of Removal (ECF No. 1 at 9), he

---

[8]The cited statute provides:

> Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

11 U.S.C. § 554(c).

[9]Furthermore, if a party makes a timely motion for remand and the proceeding is related to a case under Title 11, but does not arise under or arise in Title 11, and such proceeding (1) is "based upon a [s]tate law claim or [s]tate law cause of action," (2) "could not have been commenced in a court of the United States absent jurisdiction under [§ 1334]" and (3) "can be timely adjudicated ... in a [s]tate forum," then pursuant to § 1334(c)(2) the district court must abstain from hearing the case. 28 U.S.C. § 1334(c)(2); <u>see</u> <u>Sheets v. Caliber Home Loans, Inc.</u>, No. 3:15-CV-72, 2016 WL 183559, *3 (N.D.W.Va. Jan. 14, 2016).



does claim in his response to the Plaintiff's motion to remand that the one-year limitation under § 1446(c)(1) does not apply because BOA acted in bad faith. Specifically, Koola argues that BOA had actual knowledge that he received a Chapter 7 bankruptcy discharge in July 2009 and that Koola failed to include claims against BOA in Schedule B of the bankruptcy petition, and that BOA's failure to raise the federal question in the Complaint and Amended Complaint filed in July and September 2010 therefore constituted an action in bad faith. He also argues that BOA should have written to the Master in Equity to request an amended order which stated specific bankruptcy codes so that he would have had grounds to remove the state court action earlier. However, BOA did not commit "bad faith" by failing to anticipate a federal defense to counterclaims Koola asserted to its Complaint or Amended Complaint, or by not asking the Master in Equity to "correct" his order to cite bankruptcy code. Additionally, the purported "bad faith" argued by Koola has nothing to do with federal diversity.

In 2011, Congress amended § 1446 to include the bad faith exception to the statute's one-year limitation on removal of diversity actions. See H.R. Rep. No. 112–10, at * 15 (2011). The exception was added to prevent plaintiffs from joining non-diverse parties to actions solely to prevent a defendant from removing to federal court. See Heller v. Am. States Ins. Co., 2016 WL 1170891, at *2 (C.D. Cal. Mar. 25, 2016). The determination of bad faith is left to the discretion of the district court, but "the exception to the bar of removal after one year is limited in scope." H.R. Rep. No. 112-10, at *15; see A.S. ex rel. Miller v. SmithKline Beecham Corp., 769 F.3d 204, 211-12 (3d Cir. 2014)[holding that equitable tolling of the one-year bar was inappropriate where no "extraordinary circumstances" were present]. In a different context, a court in this district noted that "[a]lthough the term 'bad faith' is not defined in the Federal Rules of Civil Procedure, courts have held that the term



'bad faith' connotes an action taken without any colorable legal or factual basis." Rutherford v. Cannon, No. 8:09–cv–2137, 2010 WL 3475283, at *1 (D.S.C. Sept.2, 2010).  Here, there was no removal spoiling party kept in the case in bad faith to destroy diversity.  As such, Koola failed to remove within one year, and he has not shown bad faith, such that he fails to show that this case was timely removed based on diversity jurisdiction under § 1332.[10]

---

[10]In addition to the ground for remand discussed hereinabove, in the original Report and Recommendation entered on July 29, 2016, the undersigned also found that, in the absence of a federal question being presented on the face of the Complaint, Koola was precluded as a matter of law from removing this case on the basis of diversity of citizenship since he is a citizen of the state in which the action was brought (South Carolina).  See 28 U.S.C. § 1441(b)(2) [a "civil action otherwise removable solely on the basis of the jurisdiction under section 1132(a) of this title may not be removed if any of the parties in interest properly joined as defendant is a citizen of the state in which such action is brought"].  In his objections to that Report and Recommendation, Koola asserted that Plaintiff had "waived" any defense of lack of diversity in its motion to remand because it had "not raised any objection" on this basis. ECF N. 29, at p. 9.  See also ECF No. 35, at p. 3.  However, Koola was required to have removed this action within thirty (30) days of its filing on the basis of diversity jurisdiction.  28 U.S.C. § 1446(a).  He did not do so, as indeed there was no diversity jurisdiction.  28 U.S.C. § 1446(b)(2).  Plaintiff addressed Koola's diversity claims under § 1446(c), as that appeared to be the basis on which Koola had removed this case to federal court.  Even so, by Order filed August 18, 2016, Plaintiff was granted fifteen days to file any response to Koola's objections to remand, and on August 31, 2016, Plaintiff filed a response in which it specifically addresses Koola's waiver claim and argues, inter alia, that this case is not removable because "Defendant Koola is a citizen and resident of South Carolina, which is where the case was brought", citing to 28 USC § 1441(b)(2).  The undersigned does not find that Plaintiff having first addressed this novel issue [i.e., a waiver argument that has not at this point been adopted by the Fourth Circuit] only after Koola first raised it in objections to an earlier Report and Recommendation, instead of initially in its motion to remand, would justify a finding of waiver (even assuming that to be a valid doctrine in this circuit) of this issue by the Plaintiff under the facts of this case.  In any event, as is discussed hereinabove, this action is subject to remand on other grounds.

16



**Conclusion**

Based on the foregoing, it is recommended[11] that BOA's motion to remand (ECF No. 18) be **granted**, and that this case be **remanded** back to state court.[12]

---

[11]While many Courts have held that an order of remand is non-dispositive and can be issued by a United States Magistrate Judge in a non-consent case, it is not firmly established whether the undersigned can issue an order of remand, or whether a Report and Recommendation is required. See Jones v. Unison Ins. Co., No. 00-1217, 2000 WL 1350648, at * 1 (4th Cir. Sept. 20, 2000) [Noting that Fourth Circuit has not addressed question of whether Magistrate Judge may issue remand orders in non-consent cases]; cf. Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008)[Finding that remand orders are dispositive]; Vogel v. U.S. Office Products Co., 258 F.3d 509, 514-517 (6th Cir. 2001)[same]; First Union Mortgage Co. v. Smith, 229 F.3d 992, 996-997 (10th Cir. 2000)[same]; In re U.S. Healthcare, 159 F.3d 142, 145-146 (3d Cir. 1998)[same]; Vaquillas Ranch Co. v. Texaco Exploration & Production, Inc., 844 F. Supp. 1156, 1163 (S.D.Texas 1994); McDonough v. Blue Cross of Northeastern Pennsylvania, 131 F.R.D. 467 (W.D.Pa. 1990); City of Jackson v. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122, 124 (S.D.Miss. 1993); Long v. Lockheed Missiles & Space Co., 783 F.Supp. 249 (D.S.C. 1992); Stanion v. Staley, No. 16-750, 2016 WL 3629087 at * 1, n. 1 (D.N.C. June 29, 2016); William E. Smith Trucking, Inc. v. Rush Trucking Centers of North Carolina, Inc., No. 11-887, 2012 WL 214155, at * 2-6 (M,D.N.C. Jan. 24, 2012) [Analyzing relevant statutes and caselaw and finding that remand order is nondispositive]; Pikkert v. Pastene, No. 03-1212, 2003 WL 21154296 (4th Cir. May 20, 2013), cert. denied, 541 U.S. 987 (2014)[unpublished, but finding that a magistrate judge's remand order is not reviewable by the appellate court]. While the undersigned has issued orders of remand in some circumstances in non-pro se cases, in light of the Defendants' pro se status, and out of an abundance of caution, this Report and Recommendation, instead of an Order, is being entered so that the Defendant can contest remand before the District Judge, if he so desires.

[12]Although the pro se Defendant requested a hearing on Plaintiff's motion, the parties have adequately addressed the issues in the motion to remand, objections to the first report and recommendation, and the responses. As such, the facts and legal contentions are adequately presented in the materials before the Court and a hearing would not aid the decisional process. Further, as to this Report and Recommendation, the parties may file objections as noted in the notice below. Koola's motion for a hearing is therefore **denied**.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 19, 2016
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

