IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Bank of America NA, | ) | Civil Action No. 2:16-1634-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Johnson D. Koola, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that Plaintiff's motion to remand be granted. For the reasons set forth below, the Court adopts the Report and Recommendation and remands this matter to the South Carolina Court of Appeals.

## I. Background

Plaintiff Bank of America, N.A. ("BOA") originally filed this mortgage foreclosure action in July 2010 in the South Carolina Court of Common Pleas, Charleston County. An amended complaint was filed in state court in September 2010. Defendant Johnson D. Koola filed an amended answer and counterclaims against BOA on March 24, 2011. The Master-in-Equity for Charleston County granted BOA's motion for summary judgment regarding Defendant's counterclaims on April 25, 2014, and Defendant's motion to reconsider was denied in May 2014. Defendant appealed to the South Carolina Court of Appeals, which affirmed on February 17, 2016. Defendant's petition for rehearing was denied on April 21, 2016. On May 20, 2016, Defendant, proceeding *pro se*, removed the action to this Court. On June 15, 2016, BOA moved to remand. BOA's motion was originally docketed as an "answer." BOA filed a motion to correct the docket

entry on July 18, 2016.[1] On July 29, 2016, the Court granted BOA's motion to correct and, on that same day, the Magistrate Judge issued a Report and Recommendation recommending that this case be remanded to state court. The matter was recommitted to allow Defendant an opportunity to respond to the motion to remand. On October 19, 2016, the Magistrate Judge issued the present Report and Recommendation, recommending this case be remanded to state court. Defendant filed objections on November 7, 2016.

## II.   Legal Standard

### A.   Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though

---

[1] Confusingly, BOA styled its motion to remand as a "memorandum in opposition to Defendant's motion to remove." (Dkt. No. 18.) A "motion to remove" to federal court a case already in federal court is a logical impossibility. Removal is noticed. Remand is ordered, usually on motion. BOA later moved the Court to consider its filing as a "motion to remand" (Dkt. No. 20), which the Court granted (Dkt. No. 25).

the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

### B.  Removal

"Federal courts are presumptively without jurisdiction over civil actions, and the burden of establishing the contrary rests firmly on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal removal jurisdiction exists if the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party has the burden of establishing that removal jurisdiction is proper. *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006). The removal statute is strictly construed against removal jurisdiction, and any doubts as to jurisdiction weigh in favor of remand. *Id.*

### III.  Discussion

Defendant's notice of removal asserts three grounds for removal: (1) federal question jurisdiction, (2) diversity jurisdiction, and (3) jurisdiction under 28 U.S.C. §§ 1334 and 1452, which permit removal of cases related to bankruptcy proceedings. (Dkt. No. 1.) BOA's motion to remand asserts that the removal is untimely and that this action is not related to any bankruptcy proceeding. (Dkt. No. 18.) The Court agrees with the Magistrate Judge's recommendation that BOA's motion to remand should be granted, because removal was untimely and because this action is unrelated to bankruptcy proceedings.

Title 28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Defendant was served with the Amended Summons and Complaint on September 13, 2010, nearly six years before removal of this action. Defendant does dispute that removal was untimely under § 1446(b); instead, he argues the removal was timely under 28 U.S.C. § 1446(b)(3). (*See* Dkt. No. 38 at 2–7.) Section 1446(b)(3) provides:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

In his Notice of Removal, Defendant states that he first learned that there were federal claims involved in this case in April 2012, when BOA filed its motion for summary judgment regarding his counterclaims. (Dkt. No. 1 at 6.) The Magistrate Judge determined that even if that highly dubious argument were accepted,[2] *arguendo*, the notice of removal would still be untimely. The Court agrees. If, for some reason, the time for removal did not accrue until BOA filed its motion for summary judgment in state court, this action was nonetheless removed four years after that, well beyond the 30-day period provided in 28 U.S.C. § 1446(b)(3).

Section 1446(b)(3) provides the exception "[e]xcept as provided in subsection (c)." Subsection (c), applicable to diversity jurisdiction, provides:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

Defendant removed this action almost six years after it commenced.[3] He argues the one-year limitation should not apply because BOA acted in bad faith. Confusingly, he also argues

---

[2] As noted by the Magistrate Judge, it is well established that federal defenses to counterclaims do not create federal jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[3] Defendant is a South Carolina resident. BOA, however, did not assert the resident defendant rule in its motion to remand.

(correctly) that the statutory bad-faith provision is inapplicable to this action because it commenced in 2010. (Dkt. No. 43 at 24.) The bad-faith provision of § 1446(c) applies only to actions commenced on or after January 6, 2012. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, Title I, § 105, 125 Stat 758, 762. For the instant case, there is no statutory bad-faith exception to the one-year limitations period for removal based on diversity. Further, "Fourth Circuit district courts routinely evaluate bad faith under § 1446(c)(1) by determining whether plaintiffs engaged in forum manipulation specifically to prevent removal," but Defendant's allegations of bad faith have nothing to do with diversity. *See Shorraw v. Bell*, No. 4:15-CV-03998-JMC, 2016 WL 3586675, at *5 (D.S.C. July 5, 2016).

Although the removal notice contains no allegation forum manipulation to destroy diversity, Defendant's objections to the Report and Recommendation do—belatedly—allege fraudulent joinder.[4] (Dkt. No. 43 at 13.) Before a bad-faith exception was codified, courts applied equitable exceptions to the one-year limitations period in cases of fraudulent joinder. *See Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). But even if, *arguendo*, BOA added defendants from whom it had no hope of recovery merely to defeat diversity, equity still would not excuse the untimeliness of the removal of this case. BOA added the additional defendants in the state court action in September 2010. Defendant offers no explanation about why he then waited nearly six years to remove. But the reason is obvious—Defendant thinks removal will allow him to re-litigate the adverse result he received in the South Carolina Court of Appeals. But whatever his subjective

---

[4] It does not appear that complete diversity exists in this case. Cambridge Lakes Condominium Homeowners Association, Inc., a South Carolina corporation, was, at the time of removal (and still is) a defendant in the state court action. BOA, however, did not assert lack of diversity in its motion to remand. Defendant argues the HOA and First Citizens Bank and Trust Company, Inc., were fraudulently joined because BOA purportedly can recover nothing from them. The Court does not reach that argument.

motivation may be, Defendant slept on his right of removal—if this case ever was removable—and equity does not favor those who sleep on their rights. *Cf. Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427 (5th Cir. 2003) ("Section 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit. . . . [I]f Barnes's sleeping on his rights justified application of an equitable exception in the form of waiver, Tedford's forum manipulation justifies application of an equitable exception in the form of estoppel.").

Finally, Defendant argues this case is related to his Title 11 bankruptcy proceeding. (Dkt. No. 43 at 25–26.) Title 28 U.S.C. § 1334 allows removal of civil cases related to Title 11 bankruptcy proceedings. A civil case filed in a district court is related to a case in bankruptcy if "the outcome in the civil case could conceivably have any effect on the estate being administered in bankruptcy." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, n.6 (1995) (internal quotations and italics omitted). This foreclosure action is not related to any bankruptcy proceeding because the outcome of this action could not conceivably affect any estate in bankruptcy. Defendant admits that his Title 11 bankruptcy case was closed in November 2013, when the bankruptcy court "closed the case after the trustee certified that the bankruptcy estate ha[d] been fully administered." (Dkt. No. 1 at 5.) Moreover, this case could not be removed under § 1334 even if it were related to Defendant's closed Title 11 bankruptcy case. If a party makes a timely motion for remand and the proceeding is related to a case under Title 11, but does not arise under or arise in Title 11, and is "based upon a [s]tate law claim or [s]tate law cause of action" that "could not have been commenced in a court of the United States absent jurisdiction under [§ 1334]" and "can be timely adjudicated . . . in a [s]tate forum," then the district court *must* abstain from hearing the case. 28 U.S.C. § 1334(c)(2). BOA timely moved to remand this mortgage foreclosure action, which could

not have been removed for any other reason (see above), and which can be timely adjudicated—and which indeed *was* timely adjudicated—in state court.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 41) as the Order of the Court, **GRANTS** Defendant's motion to remand (Dkt. No. 18), and **REMANDS** this case to the South Carolina Court of Appeals.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 28, 2016
Charleston, South Carolina